The next case, American Construction Corp., Flaxer v. Gifford. Mr. Dvorkin. Good morning. May it please the Court, Michael Dvorkin for the Trustee. Since all employees owe fiduciary duties to their employers, for more than 150 years, New York's faithful servant doctrine has required that employees who breach those duties, including by committing crimes, forfeit all of their compensation earned during the period of wrongdoing, even if those acts benefit their employers, as they often do. No court in 150 years since this doctrine began, or more than 150 years, has held what the District Court held. This is a bright-line disentitlement-to-compensation rule, not a remedy for damages. The District Court, however, used imperi delicto to emasculate the faithful servant doctrine in New York, which was a misapplication of the law of agency and a failure to recognize that IPD and Kirchner have nothing to do with this case because they have nothing to do with claims against one's own fiduciaries. And the decision has terrible consequences for holding fiduciaries accountable, because it's not uncommon that employees commit crimes which further the interests of their employer, and employers have always had and need to have the ability to disincentivize that and hold them accountable for such conduct. Yes, but I mean, it seems to me that what you're trying to do is do away with a long-held tenant of New York law that's the adverse interest exception. Here, Laird pled guilty, the individual pled guilty. They were working together in this fraud. It benefited the corporation. How do you expect the corporation to, in fact, benefit again, given the imperi delicto? Your Honor, the corporation didn't plead guilty. It was held vicariously liable because of the guilt of some employees. And those employees were acting, and we asked the opportunity to prove at a trial that they were acting contrary to the wishes of the owner of the company for very, very compelling reasons. They were benefiting the corporation. But that has never been attest under faithful servant, Your Honor. For example, in the McConnell case, which is cited, the New York Court of Appeals case, which is cited by Sansom and Tenachek, those first department cases in the last couple years, that was a case where an agent bribed another individual for the benefit of the company. Let's go back. Edward's interest does not apply to faithful servant. It never has. I think you just told me that Laird was not convicted. I said pled guilty. Is that the distinction you were making? I admit that Laird was convicted, but he did not plead guilty. All right. And there's no factual record of what actually happened in that trial except that it was convicted. It was convicted after a 30-day trial, correct? Right, at which two of its officers were acquitted. But that's the basis of the in peri-delecto defense. But in peri-delecto, Your Honor— It is the conviction, right, on 30 days? Of course. So we don't have to resolve the circumstances, do we? The circumstances, if any, under which an employee may assert in peri-delecto defense against his employer when the defense is based solely on imputation of his own misconduct. Your Honor, if I understand the question correctly, imputation has never been applied under New York common law or the restatement of agency to a situation in which the employer or the principal is suing his own employee. If we don't need to impute Gifford's wrongful actions to Laird, right, in order to establish Laird's wrongdoing, don't we avoid some of the difficult questions involving in peri-delecto, faithful servant doctrines, possible conflicts? Well, I'm not clear on Your Honor's question. But, Your Honor, you don't — you cannot impute the wrongdoing of any employee to Laird for purposes of a suit by Laird against any wrongdoing employee to disentitle him to compensation. What do you do with Tenike v. Rosenberg? State court seems to me it's on all fours here. I'm not recalling that case, Your Honor. But if you look at Brown v. Paritsky, which is a New York Court of Appeals case, never overruled, not commented on by Mr. Gifford here, this is a case where two agents committed wrongdoing which was negligent. The principal sued one of the agents for that wrongdoing and for faithless servant to disentitle him to compensation. The agent said, but not only was I wrong and, therefore, that's imputed to you, but the other agent was wrong and that's imputed to you as well. Therefore, you're a wrongdoer you can't collect. And the Court of Appeals very clearly, never been overruled, never been commented on for distinction, is that for purposes of a suit by a principal against one of its agents, one of its fiduciaries for wrongdoing, the conduct of no agent is imputed to the principal. Not the agent being sued nor any other agent in the company. And that's the principle of the restatement. That's the principle of Brown. And, frankly, that's the implied principle that's recognized in in re mediators. Well, you know, the Tenet case, which Judge Stein mentioned, basically is on all fours with this case, it seems to me. I missed the last name if he was referring to that, but Tenet check, which he's referring to. In that case, the New York Supreme Court and the appellate division relied on the employer's criminal conviction to establish that it was at least an equal wrongdoer with respect to the conduct for which it sought to hold its employee accountable. I agree with that, Your Honor. But the distinction is that, first of all, Tenet check doesn't discuss faith of servant at all. But the real distinction is that the person, there was only two operators committing the crime in that case. There was the sole owner of the company and the person the company was suing that both bribed the individual. They both did exactly the same thing. And it was active wrongdoing by the sole owner of the company, totally distinguishable from this situation here. I don't follow that at all. The idea is both in that case, I may have mispronounced it, and in this case, it's the company that's profiting and the company and the employee at issue are both in pari de lecto, they're involved in the wrongdoing. You keep on telling me that in the trial in state court here, that there were not, in this case, others were not convicted. I don't understand the relevance of that. The relevance is that imputation only arises when a principal is going after a third party. It defines the relationships between the principal and a third party. It has no relevance when the principal is going after its own persons. And Tenet check is different because Tenet check would have failed under faith of servant as well, Your Honor, because Tenet check, the sole owner of the company was the other bribe war. So he could not possibly bring a suit on behalf of the company because he had ratified what this employee had done, which would have caused faith of servant to fail as well. But if you- The issue isn't whether a sole owner is the wrongdoer. Where the issue is whether the company is the wrongdoer along with the faithless employee. Your Honor, that has never been the test under faith of servant. You're assuming that sub silentio, without the issue ever being briefed, that Kirshner overruled 200 years of New York employment law. It didn't. There are cases, all these cases, Figer, this court, and Fancelcar, they all have cases where the employee's conduct, and in McConnell, the bribes or the wrongdoing benefit the employer. And yet the employer is always able to disentitle the employee from compensation. There's no adverse interest test for faithless servant. There may be an adverse interest test for damages, but not for faithless servant. Thank you. May it please the court, Joseph Aronauer for the appellee, Peter Gifford. I would just like to initially note that the Brown versus Poritzky case relied upon both by the appellant and by the amicus, was never cited in either the bankruptcy court or in the district court. And there is a good reason for that. It has nothing to do with the issues before this case. In Brown versus Poritzky, there was no claim of breach of fiduciary duty. The case revolved around a property owner who hired his son-in-law as his general agent to manage his properties, and an insurance broker who was his special agent to deal with insurance. And I think you know where this is headed. There was a fire. There wasn't insurance. Plaintiff sues the special agent. The special agent says, well, the acts of the general agent, who was generally in charge of all your properties, should be imputed to you, and you should lose the negligence claim. The Court of Appeals in New York held that the acts of the general agent wouldn't be imputed. It was the special agent who had to deal with insurance. Brown versus Poritzky has absolutely, positively nothing to do with faithless servant or in pari delicto. Can I ask you, in order to establish the defense of in pari delicto, do you have to impute Gifford's misconduct to establish Lehrer's wrongdoing, or do the convictions of Lehrer, based on other agents' misconduct, in and of themselves establish that Lehrer was a mutual wrongdoer with respect to the billing scheme? Gifford's conduct does not have to be imputed to Lehrer in order to establish in pari delicto. In pari delicto was established in at least two other ways. First, the conviction of Lehrer for 13 felonies, including nine counts of grand larceny, and maintaining a corrupt enterprise. And in addition to that, the second way in pari delicto was established. There were executives of Lehrer who were convicted, including officers and including the head of the estimating department. In addition, as the complaint makes clear, numerous employees of Lehrer were involved, and their acts are properly imputed. I don't think this court has to get involved in imputation, because I think the convictions establish where Lehrer is under the New York penal law. Lehrer could only be convicted of a crime in the state of New York if it was authorized, the conduct in question was authorized, or recklessly tolerated by the board of directors, or a high managerial agent acted within the scope of employment. You have two Lehrer executives who were convicted, and again the complaint makes clear that numerous other employees were involved. I mean, would you agree that there is at least some tension between in pari delicto and New York's faithless servant doctrine? No. I would not, and if I could, I'd like to explain why. The seminal case in this area is obviously Kirshner, and Kirshner says that imputation applies in all circumstances unless the adverse interest exception applies. And we know an example in employment law. How do you square that with Feiger? Well, Feiger is a case that held the employee was not liable, because all it had done was to take preparatory steps to open up a business. So as a matter of New York's substantive employment law, they said the employee could not be liable. Feiger states that even if everything the employee does, some of it is good, some of it is bad, he or she can still be liable for being a faithless servant. That, of course, assumes that the employer is not engaged in acts that would trigger in pari delicto. The example that I think is fairly obvious is if an employee embezzles money where there is absolutely no benefit to the employer, there would not be imputation. And I think Judge Reed's opinion in Kirshner was broad. It was sweeping. It has been applied, as Judge Stein mentioned, in Tenercheck, and it was also applied by Justice Cornreich over in the commercial division in the Mosniak case, where she said certain acts would be implied to the corporation against a director and officer, and other acts where the director and officer basically took money and deposited it in a Swiss bank account would not be implied. So Justice Cornreich properly applied the holding of the New York Court of Appeals in Kirshner. So I don't see this attention. I think it's simply an application of what the Court of Appeals said in Kirshner. As I understand, your adversary argues that even if your client is permitted to assert an in pari delicto defense, the trustee should be granted leave to amend facts to show that it is less at fault than your client because its liability was passive and vicarious. Why isn't that logic sound? The logic is not sound for two reasons. First, they never submitted a proposed amended complaint. They mentioned in passing that they would like to assert that. But we now know, based upon the convictions, that Lear, beyond a reasonable doubt, had its actions authorized either by the board or by a high managerial agent. You can't plead or Lear cannot plead its way around 13 felony convictions. They simply cannot do it. Even assuming that they had really raised this and said, here's a proposed pleading, what are they going to say? They're going to say, well, this officer knew, this officer didn't. It's all imputed to them, and they were found guilty beyond a reasonable doubt. One of the other things that was not mentioned by either the amicus, particularly by the amicus, is the notion that here the employer clearly countenanced all the employee's conduct. The complaint alleges a detailed scheme. The employer, Lear, obviously knew. And under this court's decision, going back over 90 years in Nagel and then more recently in Fanskeller, an employer can't say, gee, I know what you're doing, but I'm not going to do anything. And what we have in the reply brief of the appellant is, well, there was no waiver. There was no intentional relinquishment of a known right. And that's really a misdirection, because the test is not whether the employer intentionally waived his right to sue for disloyalty. The test, as this court has said at least twice, is whether the employer countenanced the conduct. And in our brief, we lay out the cases. There has never been a case where an employer knew of the employee's conduct and then turned around and sued the employee for disloyalty. And in this case, there's even more, because here, as the complaint itself makes clear and as the criminal convictions make clear, the employer did more than merely countenance the conduct. They directed the conduct. They benefited from the conduct, as indicated by the nine grand larceny convictions. So Gifford had two separate grounds for dismissal. Both of the courts below relied exclusively on impari delicto. But every step of the way, Gifford has asserted that because the employer countenanced Gifford's conduct, which is evident from the complaint and the criminal convictions, that is a separate and independent ground for dismissal. Unless there are any other questions. Kelly Ress. There's so many things wrong and untrue about what was just said that I'm just going to tick them off as fast as I can. First of all, in New York, and all these are set forth in detail in the brief, in New York, to be convicted of a crime, a company doesn't have to have senior management or the board responsible. Any manager convicts the company of a crime. Number two, we had process-wise, this was an affirmative defense to a complaint. There was no reply. There was no other opportunity to put in another complaint. And at the hearing on the motion to dismiss, and in our brief, we repeatedly asked for the right to amend. And we laid out what we would say. What we would say is that this conduct was by five or six employees, all of which was disavowed by the board against the rules of the board, against the policies of the company, and concealed, affirmatively concealed from the company. And we would prove that. And you don't have to file an amended complaint or a proposed amended complaint to get an amendment under the rules. He's talking about a waiver defense. We never had an opportunity to prove a waiver defense. He's talking about what was never proven in the record. Give us a chance to prove a waiver defense under faithless servant. Faithless servant already has the kind of defense that you're concerned about, equitable conduct between the owner and the other party. Faithless servant. Pardon me? As your adversary said. Somebody who takes money out of the corporation without the corporation knowing anything. That's not this, given the convictions of Laird. Your Honor, it has never been the law in the state of New York, and there is no case cited by the district court or the appellee in which adverse conduct has ever been an element of faithless servant. If you look at the court of appeals opinion in McConnell, a 1960 case, which is cited both by Samsung and Tennecheck, it was a case where somebody bribed a vendor to get more business for the company, benefiting the company. That bribe would have been held against the company on apparel delicto grounds. It wasn't raised, but faithless servant denied that agent, that employee, any compensation for his bribe, even though the bribe increased the business of the company. If I file false financial statements for my employer to pump up the value of the stock, and I commit a crime, and I cause my employer to be convicted of that crime under respondeat superior, my employer still has a right against me. Otherwise, you are removing all disincentives for, not all, but a large disincentive for any employee not to commit crimes which he thinks are in furtherance of the company. Thank you. Thank you. Thank you both for your arguments. The court will reserve decision.